CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 29 2012
JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE GLAUDE, | ) CASE NO. 7:12CV00047 |
| Petitioner, | ) |
| | ) MEMORANDUM OPINION |
| vs. | ) |
| WARDEN ZYCH, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent(s). | ) |

Andre Glaude, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges the validity of his confinement pursuant to the 1996 judgment of the United States District Court for the Southern District of California under which he stands convicted of two counts related to armed bank robbery. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241.

I

Glaude's petition reflects the following procedural history. Glaude was convicted in the Superior Court of the District of Columbia in December 1997 on charges of burglary, sexual assault, and simple assault. The Court sentenced Glaude to 25 years to life imprisonment. Glaude did not appeal. In January 2007, in the Superior Court of the District of Columbia, Glaude filed a motion to vacate, set aside or correct the sentence under D. C. Code § 23-110, a remedy similar to the one provided under 28 U.S.C. § 2255 for federal criminal defendants. Glaude asserted claims that trial counsel provided ineffective assistance. The Court denied the motion to vacate in September 2008.

---

[1] Andre Glaude is currently incarcerated at the United States Penitentiary in Jonesville, Virginia, within the jurisdiction of this court.

In his § 2241 petition, Glaude asserts that he is confined in violation of his constitutional right to effective assistance of counsel during the criminal proceedings that resulted in his conviction. Glaude argues that because his trial counsel provided ineffective assistance, Glaude is confined in violation of the Due Process Clause of the United States Constitution and is entitled to habeas relief under § 2241.

## II

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction imposed under the laws of the District of Columbia unless a motion attacking the sentence pursuant to D.C.Code § 23-110 is "inadequate or ineffective to test the legality of [an inmate's] detention." § 23-110(g); Swain v. Pressley, 430 U.S. 372, 381 (1977). This "savings clause" section of § 23-110 tracks similar language in 28 U.S.C. § 2255(e).[2] Recognizing that § 23-110 is "nearly identical and functionally equivalent to [ 28 U.S.C] § 2255," courts may properly "rely on cases construing the federal rule" in applying or interpreting § 23-110. United States v. Frady, 456 U.S. 152, 162 n. 12 (1982) (quoting Butler v. United States, 388 A.2d 883, 886 n. 5 (D.C. Ct. App. 1978)).

The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

---

[2] In wording nearly identical to that of § 2255(e), D. C. Code § 23-110(g) reads as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The court finds it appropriate to apply this same standard in determining whether § 23-110 is inadequate or ineffective so as to allow this court to entertain Glaude's current claim under § 2241.

Glaude argued claims of ineffective assistance in prior post-conviction proceedings pursuant to § 23-110 in the D.C. court. Moreover, Glaude's § 2241 petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Petitioner does not point to any recent substantive law change under which the conduct for which he was convicted–committing burglary, sexual assault, and simple assault–is no longer criminal. As such, Glaude cannot meet all three steps of the Jones standard as required to show that § 23-110 is inadequate or ineffective to test the legality of his conviction. Therefore, pursuant to § 23-110(g), his claim is barred from review under § 2241. See Washington v. O'Brien, Civil Action No. 7:09-cv-00158, 2009 WL 1298348, *2 (W.D. Va. 2009) (unpublished), appeal dismissed, 332 F. App'x 865 (4th Cir. 2009).

III

For the reasons stated, the court dismisses Glaude's § 2241 petition because he fails to demonstrate that he is entitled to relief. An appropriate order shall be issued this day.

ENTER: This 29th day of February, 2012.

_____
Chief United States District Judge